# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1609

_____

James Ward,                                  *
                                             *
            Appellant,                       *
                                             *   Appeal from the United States
      v.                                     *   District Court for the
                                             *   District of Minnesota.
Duke Terrell, Warden,                        *
                                             *   [UNPUBLISHED]
            Appellee.                        *

_____

Submitted: February 25, 2010
Filed: March 31, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Federal inmate James Ward appeals the district court's[1] dismissal of his 28
U.S.C. § 2241 petition. He argues that the Bureau of Prisons violated his right to
equal protection and his Fifth Amendment rights by imposing certain disciplinary
sanctions against him. He also challenges, in his reply brief only, the district court's
denial of his motion to amend the petition.

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the
District of Minnesota, adopting the report and recommendations of the Honorable
Jeffrey J. Keyes, United States Magistrate Judge for the District of Minnesota.

Ward did not raise the equal protection or Fifth Amendment arguments in the district court, so we will not consider them here.  See Orr v. Wal-Mart Stores, Inc., 297 F.3d 720, 725 (8th Cir. 2002) (appellate court considers argument raised for first time on appeal only if it is purely legal and requires no additional factual development, or if manifest injustice would otherwise result).  Further, Ward waived the issue regarding the motion to amend by not meaningfully arguing it in his opening brief.  See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004).

We deny Ward's two motions to supplement the record on appeal.  See Dakota Indus., Inc. v. Dakota Sportswear, Inc., 988 F.2d 61, 63 (8th Cir. 1993) (when interests of justice demand, appellate court may order record of case enlarged, but authority to enlarge record is rarely exercised and is narrow exception to general rule that appellate court may consider only record made before district court).

Accordingly, we affirm.

_____